**UNITED STATES v. JORDAN.**

Crim. A. No. 73850.

United States District Court
District of Columbia.

Jan. 13, 1953.

Charles M. Irelan, U. S. Atty., and Thomas A. Flannery, Asst. U. S. Atty., both of Washington, D. C., for the United States.

James J. Laughlin, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The defendant, George T. Jordan, is before the Court for trial on an indictment for murder in the first degree.

The question is preliminarily raised whether he is mentally competent to stand trial. The procedure for determining such a matter arising after arrest and before trial is governed by United States Code Annotated, Title 18, Section 4244, which was enacted by the Act of September 7, 1949, 63 Stat. 686. There is also a local statute relating to procedure in such matters, which was enacted in 1901, as amended July 2, 1945, District of Columbia Code, Title 24, Section 301. The one substantial difference between the two procedures is that the Federal statute provides for a hearing before the Court without a jury. The District of Columbia statute provides for a trial by jury. Moreover the Federal Act expressly provides that no statement made by the accused in the course of any such examination into his mental competency shall be admitted in evidence against him on the issue of guilt.

It is the view of this Court and has been its view, which it has followed in other similar matters, that insofar as there is a repugnancy or inconsistency between the two statutes, the Federal statute prevails, because it is a later enactment and was intended to cover the subject matter comprehensively. This Court, being a Federal court, is bound by Federal statutes, except on matters as to which Congress has ind'cated expressly or by clear implication that the Federal statutes shall not apply.

While the law does not favor repeal by implication, nevertheless, in cases of clear repugnancy or inconsistency between two statutes, the later statute must prevail, and the earlier statute must be deemed repealed by the later statute, *pro tanto*. Especially is this the case if the later statute is comprehensive and complete in its confines and contains no exceptions. In this instance the reports of the Senate and House Committees on the Judiciary, expressly state that the legislative intent was to provide a "uniform procedure", S. Rept. 209, H. Rept. 1309, 81st Cong., 1st Sess. 1949; U.S.Code Congressional Service, 81st Cong. Vol. 2, p. 1928.

In view of these circumstances the Court is of the opinion that this hearing should be held without a jury, and will proceed accordingly.