GUNTHER v. UNITED STATES.
No. 11970.

United States Court of Appeals
District of Columbia Circuit.

Argued April 27, 1954.

Decided July 1, 1954.

Mr. Godfrey L. Munter, Washington, D. C., appointed by this Court, for appellant.

Mr. Gerard J. O'Brien, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at time record was filed, entered an appearance for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was indicted for rape and entered a plea of not guilty. Before trial was begun, proceedings were instituted upon motion of the United States Attorney for a "judicial determination of [the] mental competency" of appellant pursuant to 18 U.S.C. § 4244.[1] Following the psychiatric examination required by this section, two psychiatrists reported that appellant was of unsound mind, suffering from dementia praecox. Hearings were held and the court, on April 22, 1952, found appellant unable to understand "the nature of the charges against him or properly to assist in his own defense * * *." In accordance with 18 U.S.C. § 4246, which provides for commitment upon a finding of mental incompetency, he was committed to the custody of the Attorney General who placed him in St. Elizabeths Hospital.

---

1. Insofar as is here pertinent, that section provides:

"Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a *motion for a judicial determination of such mental competency* of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * * If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * *" [Emphasis supplied.]

On December 12, 1952, Dr. Silk, Acting Superintendent of the Hospital, certified in a letter to the Clerk of the District Court that appellant "has recovered his reason and * * * is now of sound mind and was discharged from treatment * * *." The court made no further inquiry nor any independent determination in respect of his mental competency to stand trial.[2] Appellant was tried and, on February 10, 1953, found guilty. We granted appellant's request for leave to appeal in forma pauperis[3] and limited review to the single issue:

"Whether an accused person who has been committed to the custody of the Attorney General pursuant to Title 18, Secs. 4244 and 4246 U.S. Code, as insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, may be tried without other preliminary than the certificate of the superintendent of a mental hospital that he has recovered his reason, is now of sound mind, and has been discharged from treatment."

Appellant's position is that, after an accused has been judicially determined incompetent to stand trial, he cannot be brought to trial unless there has been a subsequent judicial determination of restored competency. Therefore, he contends, since the certificate of Dr. Silk does not satisfy the requirement of a subsequent judicial determination, the court tried and sentenced him in violation of the statute. We agree.

■ Although the statute is not explicit, we think the requirement of a subsequent judicial determination of competency to stand trial is implicit therein. Section 4244 of Title 18 is part of a comprehensive scheme, enacted in 1949, to provide for the care and custody of insane persons charged with or convicted of offenses against the United States.[4] It originated in a draft bill formulated by a Committee of the Judicial Conference and submitted to the Conference in September 1945.[5] An amended version of the draft bill was introduced in the Senate in 1948, as S. 850, 80th Cong., 2d Sess. Judge Magruder, Chairman of the Committee of the Judicial Conference which prepared the bill, testified at a hearing on S. 850, and two exchanges between him and Senator Wiley, Chairman of the Sub-committee which conducted the hearing, cast considerable light on the question presented here.

"The Chairman. Has not the court itself inherent power, irrespective of statute, because of the ordinary rule that anyone who was convicted when insane is not really convicted? Has not the court the inherent power, when a question is raised, to take appropriate steps to determine whether the man should be tried?

"Judge Magruder. They have, Senator, and they have done so without the aid of this bill. So far as section 12 is concerned, it simply writes into law the better practice of judges and makes it the specific duty of the United States attorney to initiate the proceeding and it also makes provision for suitable facilities to enable the examination to be made.

2. In sentencing appellant, however, the trial court recommended psychiatric treatment during service of his sentence. And it is significant that appellant is presently confined in the Federal Public Health Hospital at Springfield, Missouri, an institution operated jointly by the United States Bureau of Prisons and the Public Health Service, with special facilities for the treatment of insane prisoners.

3. Transcript of Record, p. 181. This request was granted after a similar request had been denied by the District Court.

4. Act of September 7, 1949, Pub.L.No.285, 81st Cong., 1st Sess., 63 Stat. 686.

5. See Report of the Judicial Conference, September Session, 1945.

"*  *  * But, as I say, you are quite right that *it is the power and duty of the judge to be assured the man is competent to stand trial *  *· *.*[6]

*  *  *  *  *  *

"The Chairman. *  *  * *Now the State practice, and I have had quite a bit of practice generally, results in medical testimony, the testimony of anybody else, and the medical testimony itself is not the decisive factor. It is the finding of the court.*

"Judge Magruder. That is quite right, Senator."[7]

◼ Clearly, the "duty of the judge to be assured the man is *competent*"[8] is not obviated by a previous finding that he is incompetent. While the judge may be assured of such a person's competency without a full-scale hearing,[9] the above-quoted colloquy makes clear that neither a doctor's certificate nor other "medical testimony" was contemplated as a substitute for the essential "finding of the court."[10] This view was embedded in the statute. Section 4244

describes the motion initiating proceedings as "a motion for a *judicial determination* of *  *  * mental *competency* of the accused *  *  *."[11] A judicial finding of mental *incompetency*, far from discharging the court's duty in response to such a motion, creates a greater necessity than previously existed for a judicial determination of competency.[12]

◼ If the question were merely whether a mentally incompetent person should be discharged from further hospitalization, it might well be left to the sole judgment of the hospital officials. Indeed, in related sections where that is the question, Congress has entrusted it to administrative officials.[13] But the question here is not merely whether one who has previously been adjudged incompetent shall be discharged from further hospitalization, but, rather, whether such a person is competent to stand trial; in the language of the statute "to understand the proceedings against him or [and] properly to assist in his own defense". While, of course, expert psychiatric judgment is relevant on this

---

6. Emphasis supplied. See testimony of Judge Magruder, *Hearing before a Subcommittee of the Committee on the Judiciary on S. 850*, 80th Cong., 2d Sess. 4–5 (1948).

7. Id. at 9. Emphasis supplied.

8. Id. at 5. Emphasis supplied.

9. Such a hearing is required by the statute only where there has been a psychiatric finding of present incompetency.

10. Id. at 9.

11. Emphasis supplied. The significance of this language, which emphasizes the court's obligation to make a finding of *competency* before concluding the trial, is pointed up by the fact that it did not appear in the original draft bill but was added after the draft was submitted to the Judicial Conference. See testimony of Judge Magruder in Hearing, supra, p. 5.

12. An adjudication of incompetency gives rise to a presumption of continued incomptency. See e. g., Frame v. Hudspeth, 10 Cir., 1940, 109 F.2d 356, reversed, 1940, 309 U.S. 632, 60 S.Ct. 712,

84 L.Ed. 989; Ashley v. Pescor, 8 Cir., 1945, 147 F.2d 318.

13. 18 U.S.C. § 4241 (1952), which concerns the transfer of mentally defective prisoners from prison to the United States Hospital for defective delinquents, provides that they shall be kept there "until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health *  *  *." 18 U.S.C. § 4248 (1952), which governs the release of mentally incompetent prisoners who are committed to the custody of the Attorney General at or near the expiration of sentence pursuant to 18 U.S.C. § 4247, provides that upon the termination of such custody "the Attorney General *  *  * shall file with the court which made said commitment a certificate stating the termination of the commitment and the ground therefor *  *  *." This provision, in terms, contemplates that the termination of custody shall have been accomplished prior to the time the court is informed of it, and hence implies that the court is without ultimate responsibility for such termination.

question, it cannot be controlling. Resolution of this issue requires not only a clinical psychiatric judgment but also a judgment based upon a knowledge of criminal trial proceedings that is peculiarly within the competence of the trial judge. That Congress recognized this is borne out by the fact that § 4246, providing for the commitment of persons found incompetent under § 4244, withholds the blanket authority to terminate custody [14] which Congress has given to administrative officials where capacity to stand trial is not an issue.[15]

◼ Accordingly, we hold that the failure of the trial court to make its own finding on appellant's competency to stand trial was error.

◼ Only if appellant was, in fact, incompetent at the time of trial could the error be said to have affected substantial rights requiring reversal and a new trial.[16] In Perry v. United States, where we held the trial court erred in failing to order a psychiatric examination under § 4244, we reversed and remanded for a new trial.[17] In that case, however, there had been no previous determination of incompetency, and hence there was no medical certificate, as here, attesting that the accused had recovered his sanity and was competent to stand trial. Since this certificate was based upon an examination made shortly before trial by a psychiatrist who, presumably, is presently available to testify, it is more feasible here than in Perry for the trial court, upon remand, to determine whether the appellant was mentally competent when he was tried and sentenced. Moreover, in the present case there was no request for a mental examination as there was in Perry. For these reasons we think the interests of justice will be adequately served by remanding this case to the District Court with directions to determine in a hearing whether appellant was competent to stand trial when he was tried and sentenced.[18] If the District Court determines that he was incompetent, it should vacate the conviction and order a new trial; otherwise, the conviction is to stand.

Remanded for further proceedings in conformity with this opinion.

14. 18 U.S.C. § 4246 (1952) provides that upon a finding of incompetency "the court may commit the accused to the custody of the Attorney General or his authorized representative, until the accused shall be mentally competent to stand trial * * *." See note 13, supra.

15. The Government refers us to 24 U.S.C.A. § 211(b), which provides: "When any person confined in Saint Elizabeths Hospital charged with crime and subject to be tried therefor, or convicted of crime and undergoing sentence therefor, shall be restored to sanity, the superintendent of the hospital shall give notice thereof to the judge of the criminal court, and deliver him to the court in obedience to the proper precept." We do not think that this statute is necessarily inconsistent with our interpretation of §§ 4244 and 4246, for it in no way precludes an independent determination by the court after the accused has been delivered to the court. This is emphasized by the fact that the test under § 211(b) is "restored to sanity," while § 4246 refers to the competency of the accused to stand trial, which may be different. In any event, if there were any inconsistency, we would resolve it along the lines followed by the District Court in United States v. Jordan, D.C.D.C.1953, 109 F.Supp. 528, where the court held a related District of Columbia statute, 24 U.S.C.A. § 301, to have been repealed *pro tanto* by § 4244.

16. Fed.R.Crim.P. 52.

17. 1952, 90 U.S.App.D.C. 186, 195 F.2d 37.

18. The aptness of a remand to the trial court for a *nunc pro tunc* determination of competency is demonstrated by 18 U.S.C. § 4245 (1952) where Congress has provided for a determination of competency by the trial court whenever the Director of the Bureau of Prisons certifies that there is probable cause to believe that a person convicted of an offense against the United States was mentally incompetent at the time of his trial.