Gene A. KRUPNICK, Appellant,

v.

**UNITED STATES of America,
Appellee.**

**No. 15957.**

United States Court of Appeals
Eighth Circuit.

March 5, 1959.

---

Lewis C. Green, St. Louis, Mo. (appointed by the Court) for appellant.

Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant sought to have his sentence vacated, under 28 U.S.C.A. § 2255, claiming that he was mentally incapable at the time of his conviction of intelligently cooperating in his defense, and that the court had improperly refused to have an examination and report made of his condition by a qualified psychiatrist, under 18 U.S.C.A. § 4244.

The trial court denied the motion to vacate, without a hearing, on the ground that the files and records showed that appellant was entitled to no relief.

The controversy here primarily revolves around § 4244 and the nature and effect of the responsibility imposed by it.

Section 4244 provides: "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * *"

It will be noted that the section, first of all, allows a United States Attorney to invoke its provisions, and imposes upon him the responsibility of so doing, whenever he "has reasonable cause to believe" that the accused "may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense". It directs, as the form and basis of this invocation, that "he shall file a motion", and that he shall indicate the cause prompting the motion, by "setting forth the ground for such belief".

There is provision also for an invoking of the section "upon a similar motion in behalf of the accused".

■ Hence, except where the court takes action on its own motion in some situation, any motion made under § 4244 for a determination of the accused's competency may be required, in order to command judicial consideration, to be filed and to contain showing of the reasons for raising the question.

■ A court thus may refuse to entertain an oral motion under § 4244. And it may summarily deny a written motion which contains no showing. Such a denial also may be made of a written motion and showing, if the ground stated for belief is frivolous, or if otherwise on the face of the situation it can be said that the motion has not been filed in good faith. Cf. Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16, 18; Wear v. United States, 94 U.S.App.D.C. 325, 218 F.2d 24; Shelton v. United States, 5 Cir., 205 F.2d 806, 815.

■ The court is, however, free, if it chooses to do so, to waive the procedural prescriptions of the section. It has the right to entertain an oral motion and showing. Or it may permit grounds to be shown beyond those set forth in a filed motion. Cf. Perry v. United States, 90 U.S.App.D.C. 186, 195 F.2d 37, 39. But whatever may constitute the form of a motion and showing, if the court entertains consideration of them on the merits, it must deal with their significance and effect in accordance with the mandate of the statute.

■ Except where it is possible to hold that the ground stated for belief is frivolous, or where otherwise, on the face of elements in the situation which the court may judicially notice, it can be said that the motion is not made in good faith, the mandate of the statute appears to be absolute in its preliminary requirement—"the court shall cause the accused * * * to be examined as to his mental condition by at least one qualified psychiatrist".

The court therefore must cause such an examination to be made in every case, where a motion is filed that cannot be declared to be without good faith or to be frivolous, and where the ground set forth thus can constitute reasonable cause to believe that the accused *"may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense".* (Emphasis supplied.)

■ The statute does not provide for a framing of issue or a receiving of evidence on the question of cause for belief, so as to allow the court to weigh other facts against the grounds set out in the motion. And no intent to allow the court to engage in such a preliminary weighing of facts can be implied, for the language of the section is that "Upon such a motion * * * the court shall cause the accused * * * to be examined * * *." Indeed, for a court to undertake to resolve whether the elements of "reasonable cause to believe" impress as being preponderant or nonpreponderant in a particular situation, and to refuse on the basis of such a relative balancing to have a psychiatric examination made of the accused, would be for the court to obliquely pass upon the question of the accused's competency to stand trial or properly to assist in his own defense, and to make such an indirect consideration take the place of the examination, hearing and specific finding for which the statute provides.

The interpretation of § 4244 made above comports with the judicial background and legislative history of the section. The section came from a recommendation of the Judicial Conference of the United States, pursuant to a study and report by one of its Committees. The Committee had appraised the existing methods and procedures "for sifting out * * * mental cases" prior to trial and conviction as being "inadequate", and had recognized the need for "the advice of trained psychiatrists * * * in the detection of mental disorders which

may not be readily apparent to the eye of the layman". See Report of Committee of the Judicial Conference to Study Treatment Accorded by Federal Courts to Insane Persons Charged with Crime, 1944, pages 3 and 5.

Similarly, the Reports of the Judiciary Committees in both the Senate and the House set out a statement by James V. Bennett, Director, Federal Bureau of Prisons, to indicate the need for the legislation. The statement called attention to the lack of procedural prescription "for determination of an accused person's mental competence to stand trial"; to the desirability of obtaining a "uniform treatment" of the problem; and to the importance and significance of having the question timely and appropriately dealt with, as "emphasized by the disturbing number of persons who give evidence of mental unbalance not too long after commitment under sentence". The statement went on to characterize § 4244 as formalizing a preconviction procedure "for accused persons *whose mentality comes under suspicion * * *"*. (Emphasis supplied.) Senate Report No. 209, 81st Cong., 1st session; House Report No. 1319, 1949 U.S.Code Cong. Service, p. 1928.

■ The fact that a situation may be one imposing the duty upon the court to have a psychiatric examination made does not necessarily mean, however, that the court is likewise compelled to hold a hearing and make a finding as to the accused's mental competency. The language of § 4244 as to the requirement for hearing is that, "If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused [as to be unable to understand the proceedings against him or properly to assist in his own defense], the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto".

■■ If the situation is one where § 4244 requires a hearing and a hearing

is so held, a finding made and becoming final that the accused is able to understand the proceedings against him and properly to assist in his own defense, and so is competent to stand trial, will ordinarily be res adjudicata of that question. But in situations where there have been no such hearing and finding under § 4244, the question of the mental competency of a prisoner to have understood the proceedings against him and to have been able properly to assist in his own defense will be subject to being raised by a motion under 28 U.S.C.A. § 2255. Ashley v. Pescor, 8 Cir., 147 F.2d 318; Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582.

■ In the situation here involved, appellant, who was an admitted narcotics addict, had been convicted and sentenced, on a plea of guilty by him, for uttering forged narcotics prescriptions. He was represented throughout the proceedings by counsel of his own choosing and employment. His counsel made oral suggestion or request to the court for a psychiatric examination at the time the question came up of his waiving indictment. Counsel stated to the court that "there is some indication of a mental disturbance in this matter", and went on to give the court some particulars of appellant's background and history.

The court replied that it would deal with the request on the basis of the opinion and views of Dr. Graham, the general physician used by the Government to treat federal prisoners in the Kansas City jail, where appellant had been in custody. "I will talk to Dr. Graham about him. If Dr. Graham suggests that there is anything wrong with him mentally, other than his addiction for dope, I will consider it. If the Doctor tells me there isn't, then I am going to decline your request".

Thereafter, the court entered an order as follows: "The Court having sought and obtained the advice of a Federal physician (Dr. Graham) with respect to the mental capacity of the defendant to advise with counsel and to understand the nature of the proceedings filed against

him and prepare his defense, and having been advised that the defendant's mental condition is normal, aside from the fact that he has been a user of narcotics for a considerable period of time, the request of counsel for the defendant * * *, for an examination to determine his mental condition and capacity, is denied".

It was this order, appearing of record, with its stated underlying basis, together with the opportunity which the court felt it later had had to observe appellant in the proceedings relating to his plea of guilty that the court regarded as warranting it in viewing the files and records as conclusively showing that appellant was entitled to no § 2255 relief. As to the opportunity which the court had had for observation and questioning of appellant in connection with his arraignment, the order herein declared that this "clearly revealed to the court that he was entirely capable of advising with counsel and able to stand trial".

The difficulty with the situation and the court's order is that the things relied on as a basis for denying a hearing on appellant's motion under § 2255 are not matters to which the statute accords any conclusiveness on the question of whether he was capable of advising with counsel and able to stand trial. As we have indicated above, except where it is possible to brand a motion for judicial determination of an accused's mental competency to stand trial or properly to assist in his own defense, as not having been made in good faith or as being frivolous, the statute requires that "the court shall cause the accused * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court". And if the report of the psychiatrist indicates a state of present insanity or of incompetency to stand trial and properly to assist in his own defense, "the court shall hold a hearing * * * and make a finding with respect thereto".

The statute does not authorize the court to substitute an examination and report of a general physician for that of a psychiatrist in dealing with such a motion. If no such motion has been filed and the court is considering whether it ought to take action on its own motion, it may perhaps properly have an examination and report made by a general physician as a basis for dealing with its own responsibility in the situation. But here too, such an examination and report would be without any legal presumptiveness against a motion under § 2255.

The fact, however, that the court in the present situation used means other than those authorized by the statute, to dispose of whether a psychiatric examination, hearing and determination were preliminarily required on appellant's mental competency, does not mean that appellant is entitled to have his sentence vacated. He would be entitled to have his sentence vacated only if it is invalid. It would not be invalid, if he was mentally competent to stand trial, in that he was at the time able to understand the proceedings against him and properly to assist in his own defense, so that his conviction did not rest on process void from insanity.

His mental competency in this respect is subject to a nunc pro tunc determination. Cf. Lloyd v. United States, 101 U.S.App.D.C. 116, 247 F.2d 522; Wells v. United States, 99 U.S.App.D.C. 310, 239 F.2d 931. In initial approach to the problem, the court may desire to have the Government's psychiatrists, by whom appellant is now being treated, furnish it with a certificate, under 18 U.S.C.A. § 4245, as to whether or not "there is probable cause to believe that such person was mentally incompetent at the time of his trial". In his transfer to the Medical Center for Federal Prisoners at Springfield, Missouri, and in his confinement there, appellant has been under diagnosis as to his mental competency. If the psychiatric examinations, which it is evident have been made of him, suggest, in the opinion of the psychiatrists who have had him under treatment, no cause to believe that he was incompetent at the time of his conviction and sentence, in the sense of being unable to understand the proceedings against him,

or properly to assist in his own defense, there should be no particular difficulty about having such a hearing as would be sufficient to dispose of appellant's motion under § 2255.

Appreciation is expressed to counsel appointed by the court to act for appellant herein for his diligent, capable and helpful efforts in appellant's behalf.

Reversed and remanded for further proceedings.