UNITED STATES of America, Plaintiff-Appellee,

v.

Paul Curtis WALKER, Defendant-Appellant.

No. 14580.

United States Court of Appeals Sixth Circuit.

April 11, 1962.

Paul Curtis Walker, appellant, in pro. per.

William E. Scent, U. S. Atty., Louisville, Ky., for appellee, William B. Jones, U. S. Atty., Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., on the brief.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

O'SULLIVAN, Circuit Judge.

Appellant Walker was found guilty by a jury of transporting a stolen motor vehicle in interstate commerce and on September 16, 1960, was sentenced to a term of five years in the federal penitentiary. No appeal was taken from the conviction and sentence. On December 1, 1960, Walker filed a motion to vacate sentence, pursuant to Title 28 U.S.C.A. § 2255, contending that the conviction and sentence were violative of his constitutional and statutory rights because he was legally insane at the time of his trial. He charged that the District Judge should have granted his pre-trial request for a psychiatric examination, pursuant to Title 18 U.S.C.A. § 4244. The District Judge denied relief under Section 2255 without a hearing, and this appeal was taken.

At arraignment, Walker's court-appointed counsel, after a brief consultation with Walker, requested orally that a psychiatrist be appointed to examine Walker. He said:

"Judge, he'll waive formal arraignment and plead not guilty on the basis of mental incapacity and have the Court appoint a psychiatrist to—"

At this point, the District Judge interrupted and the colloquy set forth in footnote 1 took place. (The Mr. Cooper and the Mr. Jones, participants in the

1. "The Court: What's wrong with the mental capacity of this defendant? Have you been in the hospital at any time?

"Mr. Walker: Yes, sir.

"By the Court: What hospital?

"Mr. Walker: Springfield.

"By the Court: And what was the diagnosis, if you know?

"Mr. Walker: I don't know.

&ast; &ast; &ast; &ast; &ast;

"By the Court: Are you representing to the Court that you didn't—that you do not understand these charges that are contained in this indictment, that you are unable to assist in your own defense, is that what you are representing to this Court?

"Mr. Walker: No, I'm not representing that.

"By the Court: Well, what are you representing?

"Mr. Walker: He (indicating Mr. Cooper) might say it for me. I don't know anything about it.

"Mr. Cooper: As I understand it, Judge, he tells me that he was in some kind of mental institution on federal authorities and something is wrong with him—

"By the Court: Well, Springfield is a federal penitentiary and it's a hospital also.

"Mr. Cooper: He'd like to have a psychiatrist—

"By the Court: (Interrupting) But the United States represents that this man has no psychiatric history.

"Mr. Cooper: All I know, he says he has a history. I haven't seen no reports—

"Mr. Jones: (Interrupting) He could be at Springfield and still not have a sufficient history to justify a motion.

"By the Court: Under the law, Walker, the Court can appoint a psychiatrist to examine you. It must be represented that you are unable to understand this charge here that you have transported a stolen motor vehicle, a Mercury automobile, from Terre Haute, Indiana, to the vicinity of the state of Kentucky and that you knew the motor vehicle to have been stolen. You must represent that you do not understand that charge, and you must further represent that you are unable to assist in the defense of this action. Now, if you say that at the time you did this you were so mentally incompetent that you did not understand the distinction between right and wrong, that would be a defense, perhaps, for the jury to consider. But for me to appoint a psychiatrist you've got to represent to me that you do not understand these charges and you are unable to assist your counsel in the trial of your case.

"Mr. Walker: I don't know what to say.

"Mr. Jones: Didn't you go to Springfield after you tried to kill yourself?

"Mr. Walker: That's right.

"Mr. Jones: He was serving a sentence in Terre Haute and sliced his wrists and they transferred him for the treatment of that. He almost died. However, it's my understanding that he has an I. Q. of—

"By the Court: (Interrupting) Well, that's when he was charged with stealing the car?

"Mr. Jones: Yes, sir. But, according to my information, he has an I. Q. of between 130 and 133, superior intelligence, capacity to operate at an intelligent level. There is an emotional immaturity and a disregard for social form, but there is nothing in this man's history to indicate legal insanity such as is contemplated before this court.

"By the Court: What about the—Have I made the law clear to you?

"Mr. Walker: It's clear to me, yes, sir. But there's one thing I don't understand. Well, it's always been my belief that the reason a man does this—there is something wrong with a man that commits these crimes against society. Looks like something has got to be done about it, or something should be done about it. There's evidently something wrong with me or I wouldn't keep doing this. I haven't done anything—

"By the Court: (Interrupting) I think there's something wrong with you, too.

"Mr. Walker: I think there should be something done.

"By the Court: I think there's something wrong with every person that violates the law. Something is wrong, of course there is.

"Mr. Walker: I don't know. You all can do just what you want to do."

**214**

quoted colloquy, were, respectively, Walker's appointed counsel and the District Attorney.)

 After such colloquy, the District Judge continued with the arraignment and, on the afternoon of the same day, proceeded with the trial. No psychiatrist was appointed to examine Walker. We are of the opinion that the District Judge erred in refusing to do so. The issue here presented—whether Walker was entitled to a psychiatric examination —is one which can be considered on a motion to vacate sentence made pursuant to Section 2255, Title 28 U.S.C.A. United States v. Thomas, 291 F.2d 478, 480 (C. A. 6, 1961); Krupnick v. United States, 264 F.2d 213 (C.A. 8, 1959), Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed 835, vacating 96 U.S.App.D.C. 117, 223 F.2d 582 (1955); Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717 (1938).

In pertinent part, Section 4244, Title 18 U.S.C.A., provides:

"Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the grounds for belief with the trial court in which proceedings are pending. Upon such a motion *or upon a similar motion in behalf of the accused,* or upon its own motion, the court *shall* cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * * "

Decisions construing § 4244 hold that once a motion is made pursuant to it, un-

less the motion is frivolous or is not made in good faith, the District Judge *must* appoint a psychiatrist to examine the accused. Wear v. United States, 94 U.S. App.D.C. 325, 218 F.2d 24 (1954); Krupnick v. United States, 264 F.2d 213 (C.A. 8, 1959). If the motion is frivolous or is not made in good faith, the District Judge is not compelled to make the appointment. See e. g., Shelton v. United States, 205 F.2d 806, 815 (C.A. 5, 1953); Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16 (1955). That the motion is not in writing is not reason for denying it. Perry v. United States, 90 U.S.App.D.C. 186, 195 F.2d 37 (1952). This last rule is particularly applicable in a situation where counsel is appointed immediately prior to trial, as in the present case.

In Perry v. United States, 90 U.S.App. D.C. 186, 195 F.2d 37 (1952), counsel for the accused orally requested the appointment of a psychiatrist in the following language:

"Your Honor, we would like to have a psychiatrist appointed for Perry. My record shows the case was set for the 22nd of June. I had Perry up here. His father wanted to testify as to the boy's mentality. He has been in the asylum. I have the record from the asylum here. I think Your Honor would like to see that." 195 F.2d at p. 38.

The request was denied. The Court of Appeals reversed, holding that the request was adequate to compel the District Judge to appoint a psychiatrist. We believe the disclosures supporting appellant's request in this case were of equivalent substantiality to those found adequate in Perry.

 The oral request by court-appointed counsel in this case, although not couched in the exact language of the statute, when considered in conjunction with the statements made by appellant Walker and the United States Attorney, was sufficient to require the District Judge to follow the mandatory provisions of the statute. If the only support for the re-

quest had been Walker's bare assertion that he thought there was something wrong with him, that would have been insufficient to bring into operation the directives of the statute. Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16 (1955). The disclosure of Walker's recent, and nearly successful, attempt at suicide, while, in our opinion, not necessarily any evidence of insanity, gave notice of possible serious mental disturbance. The District Attorney's advice of Walker's transfer to the Springfield hospital for psychiatric investigation warranted some appraisal of the contents of that hospital's report on Walker's mental condition. Such report was apparently then available to the District Attorney, but he gave only his own brief and conclusional digest of what it contained. We believe that these facts constituted sufficient reason to require the District Judge to conform to the statutory mandate.

█ The legislative history of Section 4244 indicates the intent of Congress to provide for a psychiatric examination whenever the mental competency of the accused came "under suspicion." 1949 U.S.Code Cong.Service, p. 1928; Krupnick v. United States, 264 F.2d 213 (C.A. 8, 1959). It is our opinion that there was enough here to cause the court to suspect that Walker might be mentally unfit to stand trial. In Krupnick v. United States, 264 F.2d 213 (C.A. 8, 1959) it was held that the District Judge erred in having an accused examined by a general physician where circumstances called for a psychiatric evaluation. If a District Judge may not relieve himself of the duty imposed by Section 4244 in that manner, he may not do so by conducting an oral examination of the accused himself. This court early recognized as a fundamental of our criminal jurisprudence the prohibition against subjecting to trial one who is mentally incapable of standing trial. Youtsey v. United States, 97 F. 937 (C.A. 6, 1899); McIntosh v. Pescor, 175 F.2d 95 (C.A. 6, 1949). Section 4244 embodies this concept and prescribes the method by which that question is to be judicially determined. Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493 (1954). We hold that Walker's motion for a psychiatric examination should have been granted, followed by a judicial determination as to his competency to stand trial within the meaning of Section 4244.

We come now to the question of relief. It has been held that it is proper to determine in the present whether an accused was mentally competent to stand trial at the time he was tried. Krupnick v. United States, 264 F.2d 213, 218 (C.A. 8, 1959); Gunther v. United States, 94 U.S. App.D.C. 243, 215 F.2d 493, 497 (1954). See also, United States v. Burdette, 161 F.Supp. 326, 332 (E.D.Mich.1957), affirmed 254 F.2d 610 (C.A. 6, 1958).

█ In our opinion, the failure of the District Judge to order a pre-trial psychiatric examination of Walker does not, by itself, require a vacation of his sentence. His conviction and sentence were void only if he was, in fact, mentally incompetent to stand trial. Whether he was, or was not, can now be determined. In Krupnick v. United States, supra, and Gunther v. United States, supra, the Courts of Appeals, under somewhat similar circumstances, adopted the procedure of remanding the cause for a present psychiatric inquiry without vacating the sentence. We believe, under the authority of those cases, and under Title 28 U.S. C.A. § 2106, such an order or remand is within our power as an appellate court.

█ We, accordingly, remand this case to the District Judge with the direction that he order a psychiatric examination of Walker and determine whether at the time of trial he was mentally competent to stand trial. If the District Judge then determines that Walker was not mentally competent to stand trial, his conviction and sentence should be vacated and a new trial ordered; otherwise, such sentence shall stand and Walker's motion under Section 2255 shall be denied.

The cause is remanded to the District Court for further proceedings in conformity herewith.