**John McCreight GREER, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 15510.**

United States Court of Appeals Sixth Circuit.

July 6, 1964.

James L. O'Connell (Court Appointed), Cincinnati, Ohio, for appellant.

Ernest W. Rivers, Asst. U. S. Atty., Louisville, Ky., William E. Scent, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before MILLER and CECIL, Circuit Judges, and FOX, District Judge.

PER CURIAM.

This appeal is from a judgment of the United States District Court for the Western District of Kentucky denying the petitioner-appellant's motion, under Section 2255, Title 28 U.S.C., to vacate his sentence under conviction of a violation of the Dyer Act. (Section 2312, Title 18 U.S.C.) The appellant pleaded guilty to the charge on January 29, 1962, and was sentenced to five years imprisonment. The motion to vacate sentence was filed on April 27, 1962. He alleged that he had no recollection of the events of January 29, 1962, and that he was mentally incompetent at that time to understand the charges or to assist counsel in his defense.

It is claimed on this appeal that the district judge should have appointed a psychiatrist to examine the appellant before receiving his plea of guilty. (Section 4244, Title 18 U.S.C.) This statute provides that if "the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, * * *" Similarly, such a motion may be made on behalf of the accused or the judge on his own motion

may raise the question. It is the duty of the court, when a question of the accused's sanity is thus presented, to appoint a psychiatrist and, if the circumstances require, to conduct a hearing.

To support the claim that the trial judge should have appointed a psychiatrist at the time he accepted the plea of guilty, counsel relies on an alleged recommendation of a judge of the United States District Court for the District of Nebraska [1] and a report from the United States Coast Guard [2] concerning Greer's discharge. Appellant's counsel states in his brief, "The record of this case is silent as whether the United States Attorney had knowledge of this, but, considering the detailed information usually available to the District Attorney in this type of situation, it is not unreasonable to assume that this was known." The whole argument of counsel is predicated on this *assumption*. Unless the trial judge himself had knowledge of an unsound mental condition or such knowledge was brought to him by the United States Attorney or the defendant, he had no duty under Section 4244 to appoint a psychiatrist.

After the filing of the motion, the district judge appointed Dr. Louis Foltz, a psychiatrist of Louisville, Kentucky, to examine the appellant. The court then conducted a hearing on August 14, 1962. Dr. Foltz testified at this hearing that in his opinion Greer had been competent to stand trial as of January 29, 1962. The trial judge continued the August hearing until May, 1963.

In the meantime, he committed the appellant to the Medical Center for Federal Prisoners, at Springfield, Missouri. At the May hearing, Dr. Milofsky, who examined the appellant in Springfield, gave the following diagnoses:

"Depressive reaction severe as manifested by psychomotor retardation. * * * (A)ntisocial reaction as characterized by chronically antisocial behavior."

Dr. Milofsky further testified that the appellant was not mentally competent to stand trial in October or November of 1962 nor at the time he left the hospital in April of 1963. This doctor also testified that it was not possible for him to form an opinion as to the appellant's competency to stand trial in January, 1962. A report of September, 1944, concerning the discharge of Greer from the United States Coast Guard, was introduced into evidence as exhibit 1. This report indicated mental incompetence and instability.

In January, 1962, when the trial judge accepted the appellant's plea, he very carefully explained to him his right to have counsel and what it meant to waive indictment by the grand jury and be prosecuted on an information by the United States Attorney. From the colloquy between judge and appellant, it appears that the appellant intelligently waived the appointment of counsel and indictment by the grand jury. He stated that he preferred a five-year sentence to a four-year sentence, which the judge would have given him, because of a pending charge against him in Alabama.

We conclude that at the time the plea was accepted neither the judge nor the government attorney had any knowledge which would require the appointment of a psychiatrist under Section 4244. We further conclude that the medical testimony taken at the hearings on appellant's motion did not reveal any unsound mental condition as of January 29, 1962, which would have required the appointment of a psychiatrist and consequently the vacation of the sentence at this time. We have heretofore held that when a question of the appointment of a psychiatrist under Section 4244 is properly raised after the date of trial or sentence " * * * it is proper to determine in the present whether an accused was mentally competent to stand trial at the time he was tried." United States v. Walker, 301 F.2d 211, 215, C.A.6. See

---

1. The allegation appears in the appellant's motion to vacate sentence.

2. Appellant's exhibit 1 in the May 16, 1963 proceeding.

also Nelms v. United States, 318 F.2d 150, C.A.4; Lewellyng v. United States, 320 F.2d 104, C.A.5; Krupnick v. United States, 264 F.2d 213, 218, C.A.8; Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493, 497.

■■ We think the order of the court in denying the motion is clear and that findings of fact and conclusions of law would not assist us in this review of the proceedings of the trial court. There is no justification for remanding the case to the trial court for findings of fact and conclusions of law. Findings of fact and conclusions of law, as provided by Section 2255, Title 28 U.S.C., may be waived by a reviewing court. United States v. Pendergrast, 241 F.2d 687, 689, C.A.4; Westley v. Southern Railway Co., 250 F.2d 188, C.A.4; Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226.

The judgment of the District Court is affirmed.