**UNITED STATES of America,**
**Appellee,**

v.

**Terry Lee BURGIN, Appellant.**

**No. 14171.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 15, 1970.

Decided April 19, 1971.

Thomas C. Brickle, Washington, D. C. (court-appointed counsel) [Gerald C. Baker and Brickle & Baker, Washington, D. C., on the brief], for appellant.

Gilbert K. Davis, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

Terry Lee Burgin appeals his conviction on a charge of assault (reduced on motion of defendant at trial from assault with a deadly weapon) upon a correctional officer while Burgin was an inmate at Lorton Federal Reformatory. He was arraigned on September 17, 1969, at which time a not guilty plea was entered and defendant requested a jury trial. Trial was set for December 1, 1969. At arraignment, Burgin's counsel orally moved for a mental examination of the accused, stating that Burgin was incoherent, vague about what occurred and unable to assist counsel in presenting a proper defense. The court responded by ordering the Assistant United States Attorney to provide the court with a full medical report on Burgin "from the [prison] authorities, complete, and including a psychiatric report, if they have one down there." The court indicated that if it found, after having examined the requested medical report, that a further mental examination was needed the court would entertain an appropriate motion. The clerk's minutes indicate that a motion for mental examination was granted but this appears to be without support in the record.

On November 19, 1969, Burgin filed a written pro se motion for a mental examination pursuant to 18 U.S.C. § 4244,[1] in which he stated:

"On the basis of information and belief, it is respectfully submitted that the defendant Terry Lee Burgin, may have been suffering from a mental defect or deficiency at the alleged commission of an assault on a correctional officer on August 17, 1969, at the Lorton Reformatory, resulting from severe *mental stress * * *.*" (Emphasis in original.)

As of the morning of the trial, December 1, 1969, there had been no formal

I. Title 18, U.S.C., § 4244

*Mental incompetency after arrest and before trial.* Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

ruling on this pro se motion and the judge who was assigned to try the case was not the one before whom the defendant was arraigned. The trial judge was uncertain as to whether or not the arraigning judge had made a decision on the pro se motion, but he stated that he would "treat it as if it has been passed on by Judge Lewis [the arraigning judge]." [2]

The Assistant United States Attorney, Mr. Davis,[3] told the trial judge that he "did check Lorton to make certain whether or not there had been any prior treatment or medical examinations connected with psychological or psychiatric problems; and to the best of anyone's knowledge, there has been no such treatment given." He added that there had been no such examinations. In commenting upon this information, the trial judge said:

"I discussed it briefly with Judge Lewis. Judge Lewis, with the same information available to Mr. Davis, found that there had not been in the record of Mr. Burgin, which was apparently a very long one, any indication of any psychiatric unbalance or problems that would warrant his being examined for this trial on the basis of any psychiatric trouble that could

be discerned from any of the record up to now. And it was my understanding that he had denied the motion and that the case would go on for trial this morning."

Whereupon the judge overruled the pro se motion for a mental examination, and the trial ensued.

■■ A district court is required to grant a § 4244 motion for a mental examination unless the motion is not made in good faith or the grounds for the motion are frivolous. Featherston v. Mitchell, 418 F.2d 582, 584 (5 Cir. 1969), cert. den., 397 U.S. 937, 90 S.Ct. 945, 25 L.Ed. 2d 117 (1970); Meador v. United States, 332 F.2d 935, 936–937 (9 Cir. 1964); United States v. Walker, 301 F.2d 211, 214 (6 Cir. 1962); Krupnick v. United States, 264 F.2d 213, 216 (8 Cir. 1959); Wear v. United States, 94 U.S.App.D.C. 325, 218 F.2d 24, 26 (1954). An oral motion is sufficient to invoke the provisions of § 4244. United States v. Walker, *supra*, 301 F.2d at 214–215. As the court stated in Krupnick v. United States, *supra*, 264 F.2d at 216:

"The court therefore must cause such an examination to be made in every case, where a motion is filed that cannot be declared to be without good faith or to be frivolous, and where the

2. The haphazard "ruling" with respect to Burgin's pro se motion for a mental examination is illustrated by the colloquy between the judge and counsel just prior to the commencement of the trial:

MR. KEREN [Burgin's counsel]: This motion was filed by the defendant pro se and it came to my knowledge for the first time on the date that I suggested hereinbefore, and I then called the office of the clerk, Judge Lewis' clerk, and he suggested that he would speak with the Judge about this motion and call me back. Later that afternoon he called me back and stated that the trial would go forward as scheduled on this day, and there was actually assumed from this statement that the Judge had considered the motion and had denied the motion. THE COURT: All right, sir. Well, let me inquire, is there anything, Mr. Davis, that you know about this, sir? MR. DAVIS [government counsel]: The motion itself came to my attention

approximately the same time, I believe, it came to the attention of the defense counsel. My understanding was, and I have visited with the Judge's law clerk on this, is that he did consider this motion. It was not heard in court. He has been approached informally on the matter and his feeling was that it had no merit to be granted.

A § 4244 motion should be ruled upon directly and formally and its disposition not left open to speculation, suggestion, innuendo, or assumption from consultation between counsel and a court clerk or the judge's law clerk. The confusion resulting from the absence of a direct ruling in this case was intensified by the fact that the trial judge was not the same judge who regularly presided over the Alexandria division.

3. At arraignment the Government had been represented by another Assistant United States Attorney, not Mr. Davis.

ground set forth thus can constitute reasonable cause to believe that the accused 'may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense.' " (Emphasis in original.)

Here, we find nothing to indicate that the motions by Burgin and his counsel were "without good faith" or that such motions were "frivolous." Indeed, it would seem that counsel's contentions and representations to the court, at arraignment, that Burgin was incoherent, vague about what occurred and unable to assist counsel in presenting a proper defense were sufficient to support his motion under § 4244 for a mental examination. At trial, in the absence of the jury and prior to the Government's presentation of evidence, counsel in effect renewed his motion by asking for a formal ruling from the trial court upon Burgin's pro se motion for a mental examination and also by referring to the proceedings at arraignment and the court's indication that Burgin might be given a mental examination if "there was any need" for one. Burgin in his pro se motion stated his belief that he might be suffering from a mental defect or deficiency due to severe mental stress. Furthermore, the alleged crime, i. e., an assault upon a correctional officer while confined within a penal institution, would, in itself, appear to be so irrational as to indicate a possible mental impairment of the attacker. In the absence of any previous mental examinations of the accused and under the circumstances presented in this case, we think the denial of the motions for a mental examination was an abuse of the district court's discretion.

The Government relies upon Hall v. United States, 410 F.2d 653, 657 (4 Cir. 1969), in urging that the lower court was justified in denying the motions for a mental examination, but Hall is clearly distinguishable. In that case the defendant claimed that he was insane on the day set for sentencing following a trial which was almost entirely devoted to the question of his mental competency; there was testimony from four psychiatrists before the sentencing court from which the court could make a determination of defendant's competency. Here, there were no mental evaluations of Burgin before the court.

Having determined that a § 4244 mental examination was erroneously denied, we now consider the proper remedy. In Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Supreme Court concluded that the only way to effectively correct an erroneous § 4244 determination of competency to stand trial is to reverse the conviction and remand to the district court for a hearing as to competency and for a new trial if the accused should be found competent. In Pate v. Robinson, 383 U.S. 375, 386–387, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Court held that a hearing after a lapse of a period of time to determine an accused's mental competency as of the time of trial would be inadequate due to "the difficulty of retrospectively determining an accused's competence to stand trial," and that the proper remedy was a new trial preceded by a competency determination. In the absence of a mental examination of Burgin prior to his trial it would be extremely difficult, if not impossible, to make a retrospective determination of his competence to stand trial. Under these circumstances, we think Pate and Dusky clearly dictate a new trial preceded by a competency determination.

Accordingly, the conviction is reversed and the case is remanded to the district court where Burgin shall be given a mental examination pursuant to the provisions of § 4244; should he be found competent to stand trial he should then be awarded a new trial.

Reversed and remanded.