THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VITO RIZZI, Appellant.

Argued January 6, 1948; decided March 18, 1948.

*Joseph Lonardo* for appellant.

*Frank S. Hogan, District Attorney* (*Richard G. Denzer* and *Whitman Knapp* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: LOUGHRAN, Ch. J., CONWAY, THACHER, DYE and FULD, JJ. DESMOND, J., dissents in following opinion in which LEWIS, J., concurs.

DESMOND, J. (dissenting). During the trial, but out of the hearing of the jury, defendant's counsel called to the court's attention that defendant had just told counsel that defendant had spent some years of his youth, long before, in Letchworth Village, a State institution for the feeble-minded (Mental Hygiene Law, § 120). The Trial Judge denied a motion by defendant's counsel for the appointment of a lunacy commission, but arranged to have the defendant examined by a psychiatrist on the District Attorney's staff. Next day, while the trial progressed, that psychiatrist, again out of the jury's hearing, reported to the court that after an hour's conversation with defendant, the psychiatrist had formed the definite impression that defendant was a " high-grade " moron, and of the " feeble-

minded group ''. Later defendant was called as his own witness. After lengthy examination and cross-examination he was asked, on redirect examination, whether he had for '' a couple of years '', been confined '' at Letchworth Village, a place for mental defectives ''. The prosecutor objected on the ground that the inquiry was '' outside of the issues.'' The objection was sustained, exception was taken, and the trial ended without the jury ever being allowed to know that defendant, years before, had been in a State institution for the feeble-minded, and that he was feeble-minded at the time of the trial.

That evidence, we think, was clearly admissible at least as bearing on the question of whether defendant's confession, if he made one (he denied it), was voluntary and true (*People* v. *Joyce,* 233 N. Y. 61, 70, 71), and as bearing on the question of whether defendant, if he was the killer, had an intent to commit the felony underlying the homicide (*People* v. *Moran,* 246 N. Y. 100, 103, and 249 N. Y. 179, 180; *People* v. *Levan,* 295 N. Y. 26, 33). Defendant's counsel did all that was necessary to present this proof to the court. When the proof was rejected as '' outside of the issues '', counsel could do no more than take an exception, as he did. The admissibility was plain, the error was clear. '' In such a case we may not lightly assume that a plain error of law in the trial of the case did not affect the substantial rights of the defendant.'' (*People* v. *Ferraro,* 293 N. Y. 51, 56.)

The judgment should be reversed and a new trial ordered.