James E. Mulcahy, J.
This is a motion for an order in the nature of a writ of error coram nobis to vacate a judgment of this court rendered January 15, 1945 convicting the defendant of murder in the first degree after a trial before Dohnellah, J., and a jury. The defendant was sentenced to life imprisonment and the judgment was affirmed on appeal (270 App. Div. 832, affd. 297 N. Y. 874).
The defendant aEeges that at the time of his trial he was unable to understand the seriousness of the charges and did not in any way concern himself with the proceedings nor make any attempt to aid the attorney in his defense. The defendant further claims that his attorney had moved that defendant be examined according to the provisions of section 658 et seq. of *978 the Code of Criminal Procedure to determine if defendant was in such a state of idiocy and imbecility as to render him incapable of understanding the charges in the indictment, the court proceedings or the making of his defense. The grounds for believing that such examination was necessary was the claim that the defendant had been confined to Letehworth Village, an institution for mental defectives. The court denied the application on the ground that there was no justification for a commission.
The record reveals that the defendant testified in his own behalf as to the events and.circumstances which were the basis for the charge against him of murder in the first degree.
A reading of the minutes of the trial discloses that the defendant understood the court proceedings including the testimony of the various witnesses.
In the defendant’s prior affidavit, dated May 17, 1960, he admits being examined by the psychiatrist attached to the court who, in his opinion, stated that the defendant was a mental defective type but above the class of idiocy or imbecility and that he knew right from wrong.
On the state of the record, the petitioner has failed to present any evidence that he was incapable of understanding the charge of making his defense at the trial. There is no proof to show that the original trial court abused its discretion by failing to order a hearing on the petitioner’s mental capacity.
In People v. Smyth (3 N Y 2d 184, 186) it was stated: “ We did not hold, however, that a conviction such as this can be set aside in a cor am nobis proceeding upon the bare fact that a defendant had applied for mental examination under section 658 of the Code of Criminal Procedure at the time of his arraignment.” The same rationale is applicable to the instant proceeding. The motion is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy of said order to the petitioner within three days.