Frederick James CASTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20001.

United States Court of Appeals Fifth Circuit.

July 18, 1963.

Rehearing Denied Aug. 29, 1963.

Dan Kennerly, Houston, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge.

The appellant was convicted of violating the Dyer Act, 18 U.S.C.A. § 2312, and sentenced to confinement for five years.

It appears without dispute that appellant was jailed in the early morning hours of February 20, 1962, by a city police officer of the town of North Richland Hills, Texas, for driving a motor vehicle without an operator's license. The vehicle was bearing Oklahoma license plates.

Investigation disclosed that the vehicle had been stolen some two months previously in Thomasville, North Carolina, and an agent of the F.B.I. was notified. On the morning of February 21, this agent spoke to the appellant in jail. After being advised of his rights, and following a discussion of approximately two hours, the appellant confessed to the offense. His statement was to the effect that he had bought the automobile in Chicago, but realized that it was stolen; that he had driven it through a number of states and into the Republic of Mexico, thence back to Texas. He had procured a number of different license plates for the car, including those in use at the time of his arrest. Thereupon he was charged with the offense of which he was subsequently convicted.

Following his confession to the agent of the F.B.I., appellant undertook to commit suicide; and at a later date, and prior to trial, again undertook to take his own life. Based on this information,

852

together with certain medical information before him, the United States attorney filed a motion under Section 4244, Title 18 U.S.C.A. The motion called the attention of the Court to the fact that there was good cause to believe that the appellant was not then mentally competent, or able to understand the proceedings against him or to assist in his own defense. The District Court immediately entered an appropriate order committing the appellant to the United States Public Health Hospital for psychiatric examination. He was found to be competent.

The principal questions raised by appellant are (a) that the corpus delicti of the offense with which he was charged was not proved by sufficient independent evidence, and hence that the admission of his confession was not warranted; and (b) that the District Court committed error in failing to appoint counsel to represent appellant on the motion under Section 4244, resulting in his commitment for mental examination. Neither point, in our judgment, is of any merit.

■■ To prove the corpus delicti of an offense, by evidence independent of the confession, the Government need only prove that the offense in question likely has been committed. Vogt v. United States, (5th Cir. 1946), 156 F.2d 308. The elements of this Dyer Act charge are, that a motor vehicle was stolen, and that it was transported across a state line by one with guilty knowledge. This burden was met when the Government offered evidence to show that the car was stolen in North Carolina and recovered shortly thereafter in the appellant's possession in Texas.

■ This independent evidence need not make such proof beyond a reasonable doubt (French v. United States, (5th Cir. 1956), 232 F.2d 736) nor need it connect the appellant with the crime (Vogt v. United States, supra). It is sufficient if such independent proof, together with

the confession, establishes the appellant's guilt beyond a reasonable doubt. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954). Such was the case here, as the confession supplied the details of the offense and proof of the appellant's participation.

■ With regard to the second point, i. e., that appellant's rights were in some fashion affected adversely when the Court required a psychiatric examination, without a hearing and without counsel being provided for the appellant, the most that can be said for such contention is that it is new and novel; and that there seems to be no authority holding directly to the contrary. Krupnick v. United States, (8th Cir. 1959) 264 F.2d 213, contains a full discussion of the procedures to be followed under Section 4244. This authority, with others,[1] makes it abundantly clear that where the motion is made in good faith and there is a logical basis upon which to question the appellant's sanity, the trial court must order the examination as a matter of course. We will add only that the statute is benevolent in concept, and the proceeding non-adversary in character, unless and until the psychiatric report reflects a mental condition which calls for a hearing and examination by the Court of the appellant's competence. Under the circumstances shown here, the appellant's rights were not infringed in any manner.

The other questions raised as to the admissibility of evidence and the sufficiency of an instruction to the jury have been considered and are found to be without merit.

The Court notes and here recognizes the vigor and ingenuity with which the Court-appointed counsel for the appellant has pressed the points raised on this appeal.

The judgment of the trial court is affirmed.

1. Wear v. United States, 94 U.S.App.D.C. 325, 218 F.2d 24; Coffman v. United States (10th Cir. 1961) 290 F.2d 212; and Hereden v. United States, 10th Cir. 1961) 286 F.2d 526.