**UNITED STATES of America, ex rel. Vito RIZZI, Petitioner-Appellant,**

v.

**Hon. Harold W. FOLLETTE (Successor to Hon. Edward M. Fay), Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.**

No. 39, Docket 29689.

United States Court of Appeals Second Circuit.

Argued Sept. 21, 1966.

Decided Oct. 24, 1966.

Anthony F. Marra, Joshua N. Koplovitz, New York City, for petitioner-appellant.

Brenda Soloff, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., for respondent-appellee.

Before LUMBARD, Chief Judge, WATERMAN and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant was convicted of murder in the first degree in the New York County Court of General Sessions in 1945 and was sentenced to life imprisonment. The conviction was affirmed by the Appellate Division, First Department, 270 App. Div. 832, 61 N.Y.S.2d 607 (1946) and the Court of Appeals, 297 N.Y. 874, 79 N.E. 2d 274 (1948). In 1960 Rizzi brought a

*coram nobis* proceeding in General Sessions on the same grounds alleged here. The petition was denied without a hearing, 26 Misc.2d 977, 208 N.Y.S.2d 400 (1960), the Appellate Division, First Department, affirmed, 18 App.Div.2d 785, 236 N.Y.S.2d 939 (1963), and leave to appeal to the New York Court of Appeals was denied by Judge Fuld of that court. The Supreme Court denied certiorari sub nom. Rizzi v. LaVallee, 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 (1963). Appellant then petitioned the court below for the issuance of a writ of habeas corpus; Judge Cannella carefully examined the trial record and denied the petition without a hearing. Rizzi appeals. We affirm the order below.

Rizzi seeks relief from his 1945 conviction on two grounds. He claims that the trial judge improperly refused to appoint a commission to determine whether he was capable of understanding the proceedings against him and of making his defense to the capital crime with which he was charged, and also that the prosecutor suppressed material facts relating to his competence.

It appears from the uncontroverted record that on the third day of Rizzi's trial his counsel, out of the presence of the jury, moved for the appointment of a commission to examine whether Rizzi was competent to continue with the trial. The grounds for the motion were based on an incident which occurred a few minutes before the motion was made. During a trial recess one of Rizzi's counsel had occasion to go to the cell block where Rizzi was being confined. He observed Rizzi reading a newspaper, smiling at some pictures in the news, and "totally oblivious to what he was facing in [the] courtroom." Astonished by this lack of concern, counsel asked Rizzi if he had ever been confined in an institution and Rizzi replied that he had been confined in Letchworth Village (an institution for mental defectives) from the time he was ten years old until he reached his fourteenth or fifteenth year, and that the authorities there had told him that he had a mental age then of three.

In disposing of the motion the state trial judge noted that Rizzi was 34 years old, that he had served in the army and that he had been discharged for physical, not mental, disability. He found that the childhood confinement in a mental institution was not, of itself, sufficient to warrant appointment of a commission to examine Rizzi. He did, however, arrange to have Rizzi examined by one Dr. Lichtenstein, a psychiatrist and medical assistant to the District Attorney of New York County. Dr. Lichtenstein found Rizzi to be of a "high grade moron" type. His report to the court indicated that Rizzi was competent to stand trial. No other evidence indicating Rizzi's lack of competence was presented to the court and the motion for the appointment of a commission was never renewed. No plea that Rizzi was insane was ever entered on Rizzi's behalf.

■■■ Section 658 of the New York Code of Criminal Procedure provides:

§ 658  Court order for examination as to sanity of defendant.

If at any time before final judgment it shall appear to the court having jurisdiction of the person of a defendant indicted for a felony or a misdemeanor that there is reasonable ground for believing that such defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, or if the defendant makes a plea of insanity to the indictment, instead of proceeding with the trial, the court, upon its own motion, or that of the district attorney or the defendant, may in its discretion order such defendant to be examined to determine the question of his sanity.

Appellant claims the failure to appoint a commission under § 658 deprived him of due process of law under the Fourteenth Amendment. Conviction of a defendant while he is legally incompetent does indeed violate due process. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). As the Supreme Court held in Pate v. Robinson, 383 U.S. 375, 86

S.Ct. 836, 15 L.Ed.2d 815 (1966), state procedures must adequately protect this right. On the showing made at Rizzi's trial, however, we do not believe that due process required the appointment of a commission under § 658. There is a marked distinction between the facts tending to show incompetency in Pate v. Robinson, supra, and in the instant case. In *Robinson*, there was the uncontradicted testimony of four witnesses that Robinson had had a long history of disturbed behavior which had extended from his childhood to within a year or so of his trial, and his trial defense was based on his insanity. In this case, however, the fact that Rizzi during a portion of his minority had been committed to a mental institution and had been discharged therefrom about twenty years before the trial, and the fact that on the third trial day he momentarily seemed to one of his attorneys to be "totally oblivious to what he was facing," do not appear sufficient to require, as a matter of due process, that the trial judge at that stage of the trial should have appointed a commission to determine Rizzi's competency to continue. Also, the record indicates that the trial court invited the defense to present further evidence if they wished to pursue the point, and that none was presented. We agree with the federal judge below that there was no violation of appellant's right to due process under the Fourteenth Amendment.

Appellant's other claim, that the failure of the prosecutor to inform his counsel of his confinement in Letchworth was a suppression of evidence, deserves but little attention. Although commitments to public institutions may be matters of public record, there is no evidence that the prosecutor who presented the case against Rizzi was actually aware of Rizzi's juvenile commitment. In the absence of such knowledge there could be no bad faith suppression. In any event, the defense counsel learned about the commitment during the trial in time to make use of it to the defendant's advantage.

Affirmed.