**UNITED STATES of America, Petitioner-Appellant,**

v.

**The Honorable Robert E. VARNER, U. S. District Judge, Respondent-Appellee.**

**No. 72–1200.**

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1972.

---

Ira DeMent, U. S. Atty., D. Broward Segrest, David B. Byrne, Jr., Asst. U. S. Attys., Cleveland Thornton, Legal Asst., Montgomery, Ala., for petitioner-appellant.

Robert L. Cheek, Montgomery, Ala., for Esther McAllister Davis Muncaster.

Robert E. Varner, Montgomery, Ala pro se.

## ORDER

Before WISDOM, GODBOLD and RO-NEY, Circuit Judges.

BY THE COURT:

Mrs. Esther McAllister Davis Muncaster has federal criminal charges pending against her. By an order entered by District Judge Robert E. Varner under 18 U.S.C. § 4244, she has been ordered committed to a hospital for psychiatric examination and observation on the ground that there is reason to believe her mental condition renders her unable

to understand the criminal charges brought against her or to properly assist in her own defense.

Mrs. Muncaster filed a petition for a writ of habeas corpus in an effort to obtain a review by Judge Varner of the § 4244 order, her main contention being that the order was entered without a hearing. Judge Varner set the habeas petition for hearing. The United States then filed with this court a petition asking an order that the habeas hearing not be held. We temporarily stayed the habeas hearing to give us an opportunity to consider the government's petition.

At this time we need not decide the question whether Mrs. Muncaster may employ a separate suit for habeas corpus as a means to obtain a hearing on the motion for mental examination. For reasons set out below, we are of the view that, without regard to the habeas corpus petition, the District Judge has the power to conduct a limited hearing on the mental examination order, if he wishes to do so, and Judge Varner now proposes to hold such a hearing.

■■ Section 4244 is the means provided by Congress for making available to the courts information and opinion concerning the mental condition of a defendant whose competency is in doubt. This is necessary information because it would be a violation of due process as guaranteed by the United States Constitution to put a defendant to trial on criminal charges if he were not mentally competent to understand the nature of the charges against him and to assist in his own defense. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). When the United States Attorney has information causing him to have reasonable doubt as to the competency of

a criminal defendant he is duty-bound to report it to the court and to request a mental examination.

■ The statute does not require a hearing when the motion is made. After examination and observation, if the report of the psychiatrist indicates lack of sufficient mental competence, then a hearing is required. 18 U.S.C. § 4244. However, we are of the opinion that when the motion is filed, and before acting on it, the district judge has the discretionary power to conduct a hearing if he wishes, so long as the hearing remains within the scope of the issues raised by the motion.[1] Judge Varner was free to conduct such a hearing originally, though he was not required to do so, and he is free to conduct such a hearing at this time pursuant to his power to consider whether he should recall or revise his order or leave it in effect. The hearing would be limited to these issues: whether there is reason for the government to believe that Mrs. Muncaster lacks the necessary competency to be put to trial, that is, whether the grounds set out as the basis for reason to doubt her sanity are wholly insufficient to form a reasonable basis for belief or are frivolous and whether the motion was filed in good faith;[2] whether the defendant should be examined by at least one qualified psychiatrist or sent for a reasonable period to "a suitable hospital or other facility to be designated by the court" for observation and examination; the constitutionality of § 4244, if it is questioned. The hearing should not become a preliminary determination of competency—it would be inappropriate, and possibly a grave injustice to the defendant, to make a determination of that question before ex-

1. For cases in which a pre-examination hearing has been held, *see* Meador v. United States, 332 F.2d 935 (9th Cir. 1964); Lewellyng v. United States, 320 F.2d 104 (5th Cir. 1963); Wellsly Gillig v. Attorney General, 201 F.2d 556 (10th Cir. 1953); Frye v. Settle, 168 F.Supp. 7 (W.D.Mo.1958).

2. Caster v. United States, 319 F.2d 850 (5th Cir. 1963); cert. denied, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973 (1964); Krupnick v. United States, 264 F.2d 213, 216 (8th Cir. 1959); Featherston v. Mitchell, 418 F.2d 582 (5th Cir. 1969), cert. denied, 397 U.S. 937, 90 S.Ct. 945, 25 L.Ed.2d 117 (1970).

amination and medical opinion are available.[3]

Since Judge Varner now proposes to conduct such a hearing, no further action is required of this court at present. We retain jurisdiction of the petition for extraordinary relief pending further proceedings in the District Court. The temporary stay order directing that there be no hearing on the habeas corpus petition is continued in effect.

3. It is this consideration, among others, which cause a habeas corpus hearing to be an awkward, and perhaps inappropriate, means to reconsider the § 4244 order. A habeas corpus hearing is very broad in scope, and unless strictly limited by the hearing judge could become the very determination of competency before examination and observation that the statute avoids.