**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Eugene McEACHERN,**
**Defendant-Appellant.**

**No. 71–3296.**

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1972.

Certiorari Denied Dec. 4, 1972.
See 93 S.Ct. 539.

Kirk Patton, Texarkana, Tex., Court-appointed for defendant-appellant.

Roby Hadden, U. S. Atty., Tyler, Tex., J. C. Hawthorn, Asst. U. S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before AINSWÓRTH, GODBOLD and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

Kenneth McEachern appeals from his jury conviction of violating 18 U.S.C. § 1792 by willfully and knowingly making and possessing a weapon inside the Federal Correctional Institution at Texarkana, Texas. He contends that the District Court erred by denying his pre-trial motion for a mental competency examination under 18 U.S.C. § 4244, by refusing to issue a subpoena on his motion pursuant to Fed.R.Crim.P. 17(b), and by recalling the jury after two hours of deliberation and delivering an Allen charge.

This case requires us to examine the ultimate inquiry which is at the heart of 18 U.S.C. § 4244 and the scheme provided and contemplated by that statute for the pursuit of such inquiry. Having made such examination we reverse for failure to grant the § 4244 motion.

One week before trial, which commenced on November 2, 1971, appellant's

counsel filed a § 4244 [1] motion requesting a mental competency examination. We set out in the margin the body of the motion.[2] The gist of it was that appellant's counsel had reason to believe that appellant might be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense (this being the language of § 4244). The "reasonable cause to believe that [the accused] may be * * * so mentally incompetent (etc.)" was based upon the statement of counsel that he had been advised by appellant that during a previous confinement medical officers in the California penal system concluded on the basis of psychiatric examinations that appellant was psychotic and should be committed to a state institution. Without eliciting any further information the District Judge denied the motion, stating that he was "of the opinion that defendant is not presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense." The basis for this conclusion by the court is not revealed by the record.

The case proceeded to trial. At the conclusion of evidence the judge, pre-

---

1. "§ 4244. *Mental incompetency after arrest and before trial*

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

2. "NOW COMES Kirk Patton, previously appointed in this cause by the Court to represent Eugene McEachern, and would show the Court that he has reason to believe that Kenneth Eugene McEachern may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense and hereby requests the Court to have Kenneth Eugene McEachern committed to a Federal Hospital having a division of psychiatry for observation and examination concerning his mental condition. The undersigned would further show the Court that he has been advised by Kenneth Eugene McEachern that during a previous confinement in the penal system of the State of California various psychiatric examinations were made concerning his mental condition and that various reports have been issued by the medical officers of the California penal system stating that Kenneth Eugene McEachern is psychotic and should be committed to a state institution. The undersigned would show the Court that this Motion is being made under the terms and provisions of the authority provided by Title 18, Section 4244, U.S.C."

sumably having some doubts about his pre-trial ruling, excused the jury and questioned McEachern to determine whether he claimed to be insane either presently or at the time of the offense. A lengthy colloquy ensued, participated in by the court, the appellant, and defense counsel. McEachern was told by the court that he would be entitled to a psychiatric examination only if he were asserting that he was "insane" (the District Court's word) at the time of the offense or "at the present time." Appellant replied that he was making no claim that he was insane at either of the times mentioned. To a specific question from his counsel as to whether he was consenting to withdrawal of his motion for an examination or consenting to the court's overruling it, McEachern replied in the negative, adding that he would like to have a psychiatric examination but did not think he was insane. Counsel responded that unless he was asserting "this" [i. e., insanity] there was no right to request an examination. Appellant then stated he would waive it.

Though not crucial to our view of the line of questioning by the court, we note the possible confusion caused by use of the term "insane" when the relevant inquiry is competence to stand trial. "We . . . deplore with others the use of the terms 'presently insane' and 'present insanity' in § 4244. Such terminology is unfortunate since it confuses competency to stand trial—the only relevant inquiry under § 4244—with the entirely different question of criminal responsibility. As to these two distinct questions, there is a difference in the mental capacity required and the times at which it is required. See Johnson v. United States, 5 Cir., 1965, 344 F.2d 401, 406 n. 13, 408 n. 16. Compare Rees v. Peyton, 1966, 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (mental capacity to withdraw petition for certiorari)." Floyd v. United States, 365 F.2d 368, 374 n. 9 (5th Cir. 1966). See C. Wright, Federal Practice & Procedure (Criminal) § 196, at 418.

During the colloquy McEachern told the court that in 1964 psychiatric treatment was recommended for him by a judge in California, examining psychiatrists, a probation officer, and his (then) counsel, but that he did not receive any treatment as a result. After further questioning, the court announced its finding that McEachern was sane at the present time and at the time of the offense as well.

Section 4244 provides for what is basically a three-step procedure. First, there must come to the attention of the court that there is "reasonable cause to believe that [the accused] *may be* * * unable to understand the proceedings against him or properly to assist in his own defense," which lack of capacity may take the form of insanity or other mental incompetency. Normally the situation is brought to the attention of the court by motion, filed on behalf of the accused or by the United States Attorney, alleging the existence of "reasonable cause to believe" and setting out the grounds for such reasonable cause. Or the court may proceed on its own motion, in which instance it will, of course, already be possessed of information giving it "reasonable cause to believe."

Second, "upon such a motion . . . the court shall cause the accused . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court."

Third, if the psychiatrist's report indicates lack of requisite competency, the court shall hold a hearing, with notice, at which there may be submitted evidence of the accused's mental condition, and shall make a finding with respect thereto.

■ The order of the court for an examination follows after establishment to the court, normally by the motion itself, of reasonable cause to believe that the accused *may be* lacking in sufficient competency to be put to trial. In most instances there will be no evidentiary

inquiry into the question of reasonable cause.

The statute does not provide for a framing of issue or a receiving of evidence on the question of cause for belief, so as to allow the court to weigh other facts against the grounds set out in the motion. And no intent to allow the court to engage in such a preliminary weighing of facts can be implied, for the language of the section is that "Upon such a motion * * * the court shall cause the accused * * * to be examined * * *." Indeed, for a court to undertake to resolve whether the elements of "reasonable cause to believe" impress as being preponderant or nonpreponderant in a particular situation, and to refuse on the basis of such a relative balancing to have a psychiatric examination made of the accused, would be for the court to obliquely pass upon the question of the accused's competency to stand trial or properly to assist in his own defense, and to make such an indirect consideration take the place of the examination, hearing and specific finding for which the statute provides.

Krupnick v. United States, 264 F.2d 213, 216 (8th Cir. 1959). *See also* Lewellyng v. United States, 320 F.2d 104 (5th Cir. 1963). But this is not to say that there never may be a hearing on reasonable cause or that factual data extrinsic to the bare motion may not come to the attention of the court and be considered by it on the issue of reasonable cause.[3] Neither the scheme of the statute nor the phrase "upon such a motion" makes an automaton of the court, requiring that a motion be granted merely because it has been filed. *See* United States v. Taylor, 437 F.2d 371, 376 n. 7 (4th Cir. 1971).

The statute does not bar the presentation to the court of evidentiary material tending to show that factual matters alleged as grounds for the "reasonable cause to believe" do not in fact exist. Nor is the court barred from exercising its inherent power of conducting a hearing if it wishes, not on the issue of whether the accused lacks the requisite competency but on the issue of whether there really exist factual grounds supporting "reasonable cause to believe."

When a motion is made under § 4244 that is neither frivolous nor lacking in good faith, setting forth a ground constituting reasonable cause to believe the accused *may be* presently so incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, the court is then under a mandatory duty to grant a § 4244 examination. *See, e. g.,* Featherston v. Mitchell, 418 F.2d 582 (5th Cir. 1969), cert. denied, 397 U.S. 937, 90 S. Ct. 945, 25 L.Ed.2d 117 (1970); United States v. Wilkins, 334 F.2d 698 (6th Cir. 1964); Lewellyng v. United States, *supra*; Caster v. United States, 319 F.2d 850 (5th Cir. 1963), cert. denied, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973 (1964); Kenner v. United States, 286 F.2d 208 (8th Cir. 1960); Krupnick v. United States, *supra*; Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16 (1955) cert. denied, 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492 (1956). As Judge Ainsworth of this Circuit has remarked, the mandatory rather than discretionary nature of the duty arises from "the well-established principle in our jurisprudence that public justice is not served by trial of an individual for an alleged offense when that individual is mentally unable reasonably to comprehend the action being taken against him or to assist in the defense of his liberty."

---

3. See order of this court in United States v. Varner, 467 F.2d 659 (5th Cir. 1972), and order of the District Court in the same litigation, United States v. Muncaster, 345 F.Supp. 970 (M.D.Ala.1972). For cases in which a pre-examination hearing has been held, see Meador v.

United States, 332 F.2d 935 (9th Cir. 1964); Lewellyng v. United States, 320 F. 2d 104 (5th Cir. 1963); Wells, by Gillig v. Attorney General, 201 F.2d 556 (10th Cir. 1953); Frye v. Settle, 168 F.Supp. 7 (W.D.Mo.1958).

Featherston v. Mitchell, *supra*, 418 F.2d at 586. *See also* Van De Bogart v. United States, 305 F.2d 583, 584 (5th Cir. 1962).

■ Unquestionably there is an allowable range of discretion in the district judge in granting or denying a motion for a § 4244 examination. *E. g.,* Rice v. United States, 420 F.2d 863 (5th Cir. 1969), cert. denied, 398 U.S. 910, 90 S. Ct. 1705, 26 L.Ed.2d 70 (1970); United States v. Taylor, *supra*, 437 F.2d at 376 n. 7; United States v. Becera-Soto, 387 F.2d 792 (7th Cir. 1967), cert. denied, 391 U.S. 928, 88 S.Ct. 1819, 20 L.Ed.2d 669 (1968). But it is easy to misconceive the level of inquiry at which discretion is operative. As we have pointed out, the statute is mandatory in requiring an examination once the underlying criteria trigger its operation. The trial judge's discretion operates at two levels; that of determining whether there is an undergirding factual basis for "reasonable cause to believe," [4] and whether the facts which the court accepts as existent are wholly insufficient to give rise to the alleged "reasonable cause to believe." Interwoven through both levels is the principle, as usually articulated, that the court may reject a motion which it considers to be frivolous or filed not in good faith. Once the two levels of analysis are passed, discretion drops out and the mandate of the statute takes over.

■ In this instance the government does not contend that the § 4244 motion was not in good faith, and there is no basis (other than possible lack of "reasonable cause") for the motion's being labeled frivolous, so the only question is whether the allegations constituted "reasonable cause." Bearing in mind—as at all times one must—that inquiry is not to reasonable cause to believe that the accused *is* insane or lacking in requisite competency, but to reasonable cause to believe that he *may be,* the legisla-

tive history provides some aid in identifying "reasonable cause" under varying factual patterns. That history includes a statement of James V. Bennett, Director, Federal Bureau of Prisons, characterizing § 4244 as formalizing a preconviction procedure "for accused persons *whose mentality comes under suspicion.*" S.Rep.No.209, 81st Cong., 1st Sess.; H. Rep.No.1319, 81st Cong., 1st Sess.; 1949 U.S.Code Cong. & Admin.News, 81st Cong., 1st Sess., p. 1928 (1949) (emphasis added). *See* Krupnick v. United States, *supra*, 264 F.2d at 217.

■ The alleged statement by appellant to his counsel, that during a previous confinement medical officers had concluded on the basis of psychiatric examinations that he was psychotic and should be committed to a state institution, was sufficient to cast upon counsel the duty to prepare and file the motion. Though not required to do so, the United States Attorney was free to offer to the court, for consideration on the issue of existence of reasonable cause, factual data as to the length of time that had elapsed since the California confinement, whether the conclusion said by the accused to have been reached by the California medical officers had been reached at all, and whether appellant had been committed and the consequences thereof. The trial court was free to make such factual inquiries on its own. No such additional data having been furnished or elicited, the court was left with the bare factual statements of the motion itself, which alone were sufficient to constitute reasonable cause to believe that appellant *might* lack requisite competency. *Cf.* Rice v. United States, *supra*; Wear v. United States, 94 U.S.App.D.C. 325, 218 F.2d 24 (1954). Thus, it was error to deny the § 4244 motion. Rice v. United States, *supra*, is not to the contrary. There the circumstances known to the trial court were that six or seven years earlier the accused had been com-

---

4. Normally this is by motion alone, but other factual inquiry is not precluded. See note 3 and accompanying text.

mitted to a state hospital after an insanity plea to a criminal charge and after 18 days had been discharged.

The government contends that the additional information elicited at trial by the court sufficiently supplemented what had been conveyed to him by the motion to make not reversible a conclusion that there was no reasonable basis to believe that appellant *might be* lacking in the requisite level of competency. For several reasons, this must be rejected. First, in considering the facts as supplemented by his inquiries at trial, the trial judge did not employ the standard of § 4244. His oral finding was:

> The Court will make the finding that the defendant is sane at this time and that there is no evidence to indicate that the defendant did not have sufficient capacity to know that the offense with which he is charged would be wrongful and that there is nothing to cause the Court to believe that he could not conform with his conduct which would be expected of him under the law.

This does not touch upon the critical matter of whether appellant might be "so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." Second, the supplemental information consisted of only the fact that psychiatric treatment had been recommended in 1964 in California by psychiatrists, the trial judge, (then) defense counsel, and the probation officer, but that in fact no treatment was received and no hospitalization occurred. Third, while for reasons previously stated we do not articulate an unexceptionable rule that factual data in a § 4244

motion that previously has been denie may never be supplemented at trial, this is simply the wrong practice. Sucl a procedure may, as it quite plainly did here, thrust the court into the process of itself "obliquely pass[ing] upon . . the accused's competency to stand trial or properly to assist in his own defense, and . . . mak[ing] such an indirect consideration take the place of the examination, hearing and specific finding for which the statute provides," Krupnick v. United States, *supra*, 264 F.2d at 216, thereby on the ultimate issue substituting the non-expert opinion of the trial judge for the expert opinion which the statute contemplates. *See also* Lewellyng v. United States, *supra*.

The case is remanded to the District Court which shall order a psychiatric examination of appellant. *See* Whalen v. United States, 367 F.2d 468, 470 (5th Cir. 1966); United States v. Day, 333 F.2d 565, 568 (6th Cir. 1964); Lewellyng v. United States, supra, 320 F.2d at 106; United States v. Walker, 301 F.2d 211, 215 (6th Cir. 1962). Thereafter it will be the duty of the court to determine whether at this time it can conduct an adequate and meaningful hearing for the purpose of determining *nunc pro tunc* McEachern's competency to stand trial in November 1971. Lee v. Alabama, 386 F. 2d 97, 108 (5th Cir. 1967) (en banc), applying Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Lee v. Alabama, 291 F.Supp. 921 (M.D. Ala.1967), aff'd, 406 F.2d 466 (5th Cir. 1969). If the court concludes that the evidence bearing on appellant's competency to stand trial in November 1971 is insufficient to justify a hearing,[6] it

---

5. For example, assume that before trial the court, in an egregious error, denies a motion adequately supported by factual allegations, but at trial it affirmatively appears that the factual allegations were pure fabrications. The statutory scheme

is not so sanctified as to require reversal in such a case.

6. The current psychiatric examination may, or may not, shed light on McEachern's competency to stand trial in 1971. ·Of

need not conduct a wholly useless proceeding, and it must then set aside the judgment of conviction. If the court concludes it can have a meaningful hearing, and after hearing finds that at the time of trial McEachern was competent, the conviction shall stand affirmed; if it concludes that he was not competent, or that it is unable to ascertain that question one way or the other, the conviction must be vacated. United States v. Roca-Alvarez, 451 F.2d 843, 848 (5th Cir. 1971); Lee v. Alabama, 386 F.2d at 108.

If the judgment of conviction is set aside, at a new trial the question of appellant's present competency to stand trial will be open.[7] Pate v. Robinson, 383 U.S. at 387, 86 S.Ct. at 843, 15 L.Ed. 2d at 823.

■ We discuss other issues in the event a new trial is necessary. The contention concerning the Allen charge is without merit. While we are not willing to say that under all the circumstances denial of a subpoena for Paul Martinez was reversible error, that question should not again arise. The better practice at another trial would be to issue the subpoena since Martinez, who allegedly occupied a cell adjacent to that of appellant, appeared to be an important witness on the issue of whether McEachern had manufactured a weapon in his cell by repeatedly rubbing a steel rod on the cement floor so as to make it sharp.

Affirmed in part. Remanded in part for further proceedings consistent with this opinion.

course, there may be other evidence as well, such as hospital records of the alleged commitment. In Lee v. Alabama, 291 F.Supp. 921 (M.D.Ala.1967), on remand directed by the Fifth Circuit in Lee v. Alabama, 386 F.2d 97 (5th Cir. 1967) (en banc), the District Court reviewed the evidence available to it to determine *nunc pro tunc* Lee's competency to stand trial 15 years before in 1942, and concluded that a meaningful evidentiary hearing could be conducted. After hearing, the court concluded that Lee had been competent when tried in 1942.

7. In which event the report of the psychiatric examination ordered by the court should be of additional use.