UNITED STATES of America

v.

Jean Xavier VAN IMSCHOOT, a/k/a
Jean Toche, Defendant.

No. 74 Cr. Misc. 1.

United States District Court,
S. D. New York.

Oct. 8, 1974.

Paul J. Curran, U. S. Atty., for plaintiff by Thomas M. Fortuin, Asst. U. S. Atty., of counsel.

Margaret L. Ratner, Michael D. Ratner, New York City, for defendant by Margaret L. Ratner, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The defendant, Jean Toche, is charged with violating 18 U.S.C. § 876 by causing a threatening communication to be delivered by the United States Postal Service to C. Douglas Dillon, President of the Metropolitan Museum of Art. The communication was a handbill calling for the kidnapping of museum trustees, directors, administrators, curators and benefactors. The government has moved for an order pursuant to 18 U.S. C. § 4244 directing the examination of the defendant by a psychiatrist to determine Toche's mental condition at the time of the crime charged and his capacity to understand the nature of the charges against him and to assist in his own defense. The plaintiff opposes the motion on four basic grounds. He argues that his activities are constitutionally protected acts of self-expression; that a psychiatric examination would violate the cruel and unusual punishment clause, as well as the due process clause of the constitution; that he is able to understand the nature of the proceedings and to aid in his own defense; and that the requested order goes beyond the scope of 18 U.S.C. § 4244.

The first of these arguments is in· reality a challenge to the sufficiency of the complaint against the defendant. I invited such a motion at the time I heard the present motion but it appears to me that the defendant's refusal is an

intentional litigation technique. It may make an interesting story in the media but it does not appear to follow the best wisdom nor be a search for real justice.

Since the defendant has in effect refused to attack the complaint I do not believe it right for this Court to follow the arguments he could make in such a direct attack and I must therefore rule that they are deemed irrelevant.

■ The second point is equally without merit. The contention that the examination constitutes cruel and unusual punishment has been rejected elsewhere. See United States v. Muncaster, 345 F.Supp. 970, 976 (M.D.Ala.1972), aff'd per curiam, 472 F.2d 1407 (5th Cir.), cert. denied 412 U.S. 963, 93 S.Ct. 3021, 37 L.Ed.2d 1011 (1973). Far from being a punishment, the examination is designed to protect the right of a defendant to a fair trial by ensuring his ability to understand the proceedings, as well as to aid in his own defense. This logic disposes of the second prong of the defendant's attack on the constitutionality of § 4244. Indeed, it has been held that conviction of a mentally incompetent violates due process. See, e. g., Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, reversing and remanding 96 U.S.App.D.C. 117, 223 F.2d 582 (1955); United States ex rel. Rizzi v. Follette, 367 F.2d 559 (2d Cir. 1966). As was said in United States v. Knohl, 379 F.2d 427 (2d Cir. 1967), "§ 4244 was not enacted in contravention of due process but in aid of it." 379 F.2d at 435.

The only case to which the defendant points in support of his due process argument is totally distinguishable. In Stewart v. Pearce, 484 F.2d 1031 (9th Cir. 1973), a college instructor refused to obey his dean's order to submit to a psychiatric examination to determine the instructor's competence to perform his duties. The order was apparently motivated by the instructor's anti-war activities. The lack of notice, hearing, and reasons for the examination were found to violate the due process clause. However, there the order was a summary one by the dean, not pursuant to any statute authorizing such an examination; whereas here the examination is pursuant to a statute enacted to safeguard a criminal defendant's rights. This order is of course being entered on notice after a hearing and a thorough examination of the defendant's arguments.

■ The next two arguments do, however, address themselves to the issues at hand and are deserving of more attention. Plaintiff has submitted lists of his many artistic and political undertakings and accomplishments, as well as letters from friends in the fields of arts and civil rights, who express their respect and admiration for Jean Toche. These are apparently intended to demonstrate (1) that plaintiff's activities were purely symbolic and (2) that he is a rational member of society. The first point is, as stated above, unrelated to the motion at hand. The second, while it does arguably relate to defendant's general competence, is of no more value. If the moving party makes a showing of "reasonable cause to believe" that the defendant may be presently insane or incompetent such that he will be unable to understand the proceedings or assist in his defense, the motion for a psychiatric examination should be granted. 18 U.S. C. § 4244. Only when the motion is clearly frivolous or without grounds is such a motion properly denied. United States v. Pogany, 465 F.2d 72 (3d Cir. 1972); United States v. Irvin, 450 F.2d 968 (9th Cir. 1971). If a judge were to make a determination as to a defendant's competence based solely on affidavits and letters submitted by the parties, the entire mechanism of 18 U.S.C. § 4244 would be meaningless. The government contends that the nature of the crime charged taken together with other disruptive activities at major museums, attributed to the defendant, constitute a sufficient basis for the motion. In this situation an order for a psychiatric examination is appropriate.

■ The question remaining goes to the scope of the examination. The defendant protests that the order re-

quested by the government goes beyond the mandate of § 4244 in that it seeks a determination of the defendant's mental condition at the time of the alleged offense. The defendant is correct in arguing that such an inquiry is not authorized by § 4244, the only purpose of which is to determine a defendant's competence to stand trial. In certain instances, however, an examination to determine the defendant's mental status at the time of the crime charged is appropriate and is conveniently ordered and performed simultaneously with the § 4244 examination. Such an examination is proper when the defendant invokes an insanity defense. United States v. Trapnell, 495 F.2d 22 (2d Cir. 1974); United States v. Malcolm, 475 F.2d 420 (9th Cir. 1973); United States v. Baird, 414 F.2d 700 (2d Cir. 1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 559, 24 L. Ed.2d 497 (1970); United States v. Albright, 388 F.2d 719 (4th Cir. 1968); Alexander v. United States, 380 F.2d 33 (8th Cir. 1967). Generally, the authority to order such an examination is said to be part of the "inherent power of the court". United States v. Malcolm, 475 F.2d 420, 424 (9th Cir. 1973). A defendant's objections are defeated on the grounds either that he waived the fifth amendment by invoking the defense (United States v. Baird, 414 F.2d 700, 707 (2d Cir. 1969), cert. denied, 396 U. S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970)) or that fairness dictates that the government, which has the burden of proof on sanity, should be allowed to examine such a defendant (United States v. Albright, 388 F.2d 719, 725 (4th Cir. 1968)).

However, where, as here, the defendant does not raise a defense of insanity and does object to the examination the usual grounds for defeating the objection are unavailable. United States v. Malcolm, 425 F.2d 420, 425 (9th Cir. 1973). It follows that in such a case the defendant should prevail in his opposition to that part of the examination.

For these reasons the motion of the government is granted subject to the limitation that the examination inquire only into the defendant's mental capacity to understand the nature of the charges against him and to assist in his own defense.

Settle order on notice.