UNITED STATES of America, Appellee,

v.

John Edward NICHELSON, Appellant.

No. 76–1889.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1977.

Decided March 4, 1977.

Paul J. Nicholson, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty. and Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and HANSON, Chief District Judge.*

PER CURIAM.

John Edward Nichelson was convicted by a jury on October 6, 1976 of mailing a letter containing a threat to the life of the President of the United States in violation of 18 U.S.C. § 871 (1970). Prior to trial, Nichelson's court-appointed attorney filed a written motion pursuant to 18 U.S.C. § 4244 (1970) requesting a psychiatric examination to determine his client's competency to stand trial. After a brief pretrial hearing, the District Court denied the § 4244 motion. Nichelson's jury trial proceeded. He was convicted and appeals, contending that the trial court erred in denying his § 4244 motion for a psychiatric examination.

---

* The Honorable William C. Hanson, Chief Judge of the United States District Court for the Southern District of Iowa, sitting by designation.

18 U.S.C. § 4244 provides, *inter alia,* that a District Court shall order a psychiatric examination when a motion filed thereunder recites "reasonable cause" to believe that a person charged with an offense against the United States may be "so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense" and sets forth the ground for this belief. The purpose of psychiatric examination under § 4244 is to establish competency to stand trial. *United States v. Maret,* 433 F.2d 1064, 1067 (8th Cir. 1970), *cert. denied,* 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971). A defendant is deemed competent if he has sufficient ability as of the time of trial to consult with his lawyer with a reasonable degree of understanding and possesses rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *United States v. Mills,* 430 F.2d 526, 530 (8th Cir. 1970), *cert. denied,* 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971).

The law in this circuit has long been settled that a trial court must grant a properly submitted request for a § 4244 examination unless the motion is frivolous or has not been made in good faith. *Rose v. United States,* 513 F.2d 1251, 1255 (8th Cir. 1975); *Kenner v. United States,* 286 F.2d 208, 211 (8th Cir. 1960); *Krupnick v. United States,* 264 F.2d 213, 216 (8th Cir. 1959). The ordering of a § 4244 examination is not a perfunctory or ministerial act on the district court's part, *Rose v. United States, supra* at 1255, but the permissible reasons for denying a § 4244 motion are narrowly circumscribed to lack of reasonable cause, frivolity or lack of good faith. A district court may make an initial inquiry to determine if the § 4244 motion is made in good faith, adequately shows reasonable cause and is not frivolous, *United States v. Varner,* 467 F.2d 659, .661–62 (5th Cir. 1972), but a preliminary hearing is not to become a preliminary determination of competency. *Rose v. United States, supra* at 1255 n. 4. Thus, when a court makes an inquiry prior to ruling a § 4244 motion, it must take great care to eschew the ultimate issue of competency.

The motion filed by defendant's counsel here comported with § 4244. The movant stated that he had "reasonable cause to believe [his] client may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense." As grounds for this belief, counsel cited his own personal impression, gained during the course of preparation for trial, that Nichelson was unable "intelligently to discuss the facts concerning the case." The motion also made reference to a history of mental disturbance in defendant's family and to defendant's having sustained a very severe blow to the head approximately six years previously. Nothing in this motion suggested frivolity, lack of reasonable cause or a lack of good faith on the movant's part. Thus, the motion was sufficient under § 4244 and the trial court erred in refusing to order a psychiatric examination of defendant thereunder.

Defendant urges that his conviction should be set aside because of the trial court's erroneous denial of his § 4244 motion. However, defendant's conviction would be rendered invalid by the denial of this motion only in the event that he was tried when he was in fact mentally incompetent to stand trial. *Krupnick v. United States, supra* at 218. Less than four months has passed since defendant's trial and conviction. The grounds cited in support of movant's belief that the defendant was incompetent to stand trial in October, 1976 are of a continuing rather than temporary nature. Thus, we believe that circumstances now are sufficiently similar to those in October, 1976 to permit a nunc pro tunc determination of defendant's mental competency to stand trial. Accordingly, we remand to the District Court with directions to order a psychiatric examination of defendant under § 4244. If, following this examination, the District Court finds defendant competent to stand trial, his convic-

tion is valid and it must stand. *Krupnick v. United States, supra* at 218. If, on the other hand, the District Court finds the defendant incompetent to stand trial, the conviction is invalid.

Remanded for proceedings consistent with this opinion.