UNITED STATES of America, Appellee,

v.

John Edward NICHELSON, Appellant.

No. 77–1372.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 6, 1977.

Decided Sept. 12, 1977.

Paul J. Nicholson, Little Rock, Ark., filing brief for appellant.

W. H. Dillahunty, U. S. Atty. and Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., filing brief for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

In *United States v. Nichelson,* 550 F.2d 502 (8th Cir. 1977), we reviewed John Edward Nichelson's conviction on charges of mailing a letter containing a threat to the life of the President of the United States, in violation of 18 U.S.C. § 871 (1970). On that appeal, in response to appellant Nichelson's contention that the trial court committed prejudicial error in denying him a psychiatric examination as required by 18 U.S.C. § 4244 (1970), to evaluate his competency to stand trial, we remanded the case to the district court to determine his mental competency as of the time of the trial in October 1976.[1] In compliance with our remand, the district court authorized a psychiatric examination of appellant. The examining psychiatrist submitted a medical report to the court with copies to appellant's court-appointed attorney and to the prosecutor. The trial court then held a plenary hearing in which it considered the psychiatric report, a supplementary statement of the examining psychiatrist, and other evidence bearing upon appellant's competency to stand trial. The trial court determined appellant to be "presently sane and mentally competent to understand the proceedings against him and properly assist in his own defense," and further that "John Edward Nichelson was mentally competent to stand trial on October 6, 1976." The trial court thereupon affirmed the earlier judgment of conviction. Nichelson now appeals that order and judgment, contending that the trial court erred in relying upon an allegedly "insufficient and incomplete" psychiatric examination and that the trial court did not apply correct legal standards in determining appellant's competency to stand trial.

We reject the appeal. Ample evidence supports the district court's finding that Nichelson was competent to stand trial on October 6, 1976, and during the succeeding months until the competency hearing was held on April 11, 1977. Moreover, and contrary to appellant's contention on this appeal, the district court's recorded comments demonstrate that the district court evaluated appellant's competency upon a proper standard, *i. e.,* whether appellant had sufficient present ability at the time of trial (and as of April 11, 1977 as well) to consult with his lawyer with a reasonable degree of rational understanding, and whether he had a rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

In accordance with our remand order, the appellant's conviction must stand.[2] We affirm the postconviction order.

---

1. We reasoned:

   Less than four months has passed since defendant's trial and conviction. The grounds cited in support of movant's belief that the defendant was incompetent to stand trial in October, 1976 are of a continuing rather than temporary nature. Thus, we believe that circumstances now are sufficiently similar to those in October, 1976 to permit a nunc pro tunc determination of defendant's mental competency to stand trial. [*United States v. Nichelson,* 550 F.2d at 504.]

2. In our prior decision we directed:

   Accordingly, we remand to the District Court with directions to order a psychiatric examination of defendant under § 4244. If, following this examination, the District Court finds defendant competent to stand trial, his conviction is valid and it must stand. If, on the other hand, the District Court finds the defendant incompetent to stand trial, the conviction is invalid. [550 F.2d at 504–05 (citation omitted).]